# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 04 C 6258 |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| SERGIO GUTIERREZ ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Sergio Gutierrez ("petitioner" or "Gutierrez") has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons explained below, that petition is denied.

**I.      Procedural History**

On July 24, 2000, Gutierrez pled guilty to Count I of the indictment which charged that he conspired with others to distribute over five kilograms of mixtures containing cocaine, in violation of 21 U.S.C. § 841(a)(1). On March 21, 2001, Gutierrez was sentenced to a term of 262 months' imprisonment followed by a five-year term of supervised release, and was ordered to pay a fine of $200 and a special assessment of $100. Despite instruction by Gutierrez and by the Seventh Circuit, Gutierrez's counsel failed to file a timely appeal. After receiving permission to file a late appeal, Gutierrez, with the help of newly appointed counsel, appealed. On April 25, 2003, the Seventh Circuit affirmed Gutierrez's conviction and sentence.

On September 27, 2004, Gutierrez filed the instant petition. Having reviewed the *pro se* petition, the court has done its best to determine what claims Gutierrez makes. They are: (1) ineffective assistance of trial counsel where counsel failed to pursue his previous motion for a

downward departure based on Gutierrez's willingness to consent to deportation; (2) ineffective assistance of trial counsel where counsel failed to file an appeal; and (3) violation of Gutierrez's Sixth Amendment rights in light of *United States v. Booker*, 543 U.S. 220 (2005). After the government answered, the court appointed Gutierrez counsel. Appointed counsel filed a reply on Gutierrez's behalf.

## II.     Factual Background

On April 29, 1999, pursuant to a search of Gutierrez's house, government agents seized 231.6 grams of crack cocaine, which Gutierrez intended to distribute. On August 25, 1999, Gutierrez sold approximately five kilograms of cocaine to Clyde Williams, one of his co-defendants, who had been cooperating with the government. On August 26, 1999, co-defendant Williams purchased another four kilograms of cocaine from Gutierrez. In addition to these two sales, Gutierrez sold multi-kilogram quantities of cocaine several times to co-defendant Williams between 1997 and August 1999. During this same time period, Gutierrez purchased several multi-kilogram quantities of cocaine from Gerrardo Olivas-Quintero, another one of the co-defendants.

## III.    Analysis

Under 28 U.S.C. § 2255, federal prisoners can challenge the imposition or length of their detention if their conviction or sentence has been founded on an error that is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Oliver v. United States*, 961 F.2d 1339, 1341 (7th Cir. 1995); 28 U.S.C. § 2255. If the court determines that any of these errors infected the judgment or sentence, the petitioner's conviction will be vacated or set aside, and the petitioner will be discharged, resentenced, or granted a new trial. 28 U.S.C. § 2255(b).

2

## A. Ineffective Assistance of Trial Counsel

To establish ineffective assistance of counsel, Gutierrez must demonstrate: (1) that his attorney's performance was deficient; and (2) that such representation prejudiced his case. *Precin v. United States*, 23 F.3d 1215, 1218 (7th Cir. 1994) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The first prong is satisfied by showing that counsel's performance fell below the "objective standard of reasonableness" guaranteed under the Sixth Amendment. *Barker v. United States*, 7 F.3d 629, 633 (7th Cir. 1993) (quoting *Strickland*, 466 U.S. at 687). To satisfy the *Strickland* prejudice element, Gutierrez must demonstrate that it is reasonably likely that, but for his counsel's errors, the decision reached would have been different. *Strickland*, 466 U.S. at 696.

In his first claim of ineffective assistance of trial counsel, Gutierrez argues that his counsel was ineffective for failing to pursue a motion for a downward departure based on Gutierrez's consent to deportation. The Presentence Report ("PSR") stated that there was no information to warrant a departure from the sentencing guidelines. Gutierrez's counsel argued in his written objections to the PSR and in his sentencing memorandum that Gutierrez should receive a two-level downward departure pursuant to USSG § 5K2.0 due to his willingness to consent to deportation. Counsel also argued in both documents for a downward departure because Gutierrez's alien status prevented him from benefitting from certain prison programs.

The sentencing occurred over two days – December 20, 2000 and March 21, 2001. At the end of the December 20, 2000 hearing, the two departure issues were discussed:

> MR. CANTON [Gutierrez's counsel]: There were two other smaller issues regarding his immigration status that I mentioned in my memo, and I've heard no response from the government on these issues.
>
> THE COURT: That's the downward departure?

3

> AUSA: Based on alienage.
>
> THE COURT: We can deal with that orally at the time of sentencing.

12/20/00 Tr. 11. At the beginning of the March 21, 2001 hearing, the following exchange occurred:

> THE COURT: Where do we stand? I meant to get a transcript to refresh my recollection.
>
> MR. CANTON: Judge, if I may, I believe we're in agreement on this with the U.S. Attorney's office that the only issue left unresolved is the issue of the applicability of the two points for the weapon under 2D1.1(b)(1).

3/12/01 Tr. 2. Prior to imposing sentence, the court reviewed what issues had been decided thus far, noting that it had rejected the *Apprendi* argument and the firearm enhancement argument. Then the following exchange occurred:

> THE COURT: So basically the court is accepting over defendant's objection the factual findings of the presentence report.
>
> MR. CANTON: Correct.
>
> AUSA: That's correct, your Honor.
>
> THE COURT: That having been done, is there – let's see. Are there any other objections, problems, issues, that anyone wants to bring to my attention in connection with the presentence report?
>
> MR. CANTON: No other issues.

3/21/01 Tr. 6. Gutierrez's trial counsel then argued:

> Judge, looking at the guidelines, we're in agreement it is level 37, category three. 262 to 327 months, Judge. Mr. Gutierrez is in his mid 30's. If he's sentenced at the bottom end of the guidelines he's still not coming out until his mid to upper 50's, Judge. It's a heck of a lot of time. After that, he's still subject to deportation.
>
> I would ask that your Honor sentence him at the bottom end of the guidelines.

3/21/01 Tr. 7-8. While imposing sentence, the court stated:

> And let me just say – let me just take a break and say one other thing. I know the argument has been made that because Mr. Gutierrez will almost certainly be deported at the conclusion

4

of the sentence that ought to be taken into consideration. I don't know in a departure, I don't know precisely – and it is my view that, particularly dealing with large drug cases, that is a sufficient aggravating factor that I do not think that a departure on that basis is appropriate. So just make the record clear on that.

3/21/01 Tr. 9. The court then sentenced Gutierrez to 262 months' imprisonment with a term of five years supervised release, and ordered him to pay a fine of $200 and a special assessment of $100.

The government argues that counsel's awareness of the deportation issues on December 20, 2000, and his silence on those issues on March 21, 2001, demonstrates that counsel intentionally waived the downward departure arguments with respect to deportation. The court cannot so easily find waiver here. Clearly, counsel intended to raise the two issues related to deportation (*e.g.*, willingness to consent to deportation and restriction from participation in certain prison programs) both prior to, and during, the December 20, 2000 hearing. Three months later, counsel failed to raise the issues, even when directly asked by the court if there were any issues that needed to be addressed. This may have been the result of strategy, as the government suggests, or ineffectiveness, as Gutierrez maintains. In the end, the court need not resolve the question because, even assuming that counsel's performance was deficient, he cannot show prejudice from the alleged mistake.

As Gutierrez acknowledges in his reply brief, the court addressed, and ultimately rejected, trial counsel's arguments with respect to deportation. With respect to Gutierrez's arguments concerning deportation (made in earlier court filings and during the December 20, 2000 hearing), the court *sua sponte* stated:

> I know the argument has been made that because Mr. Gutierrez will almost certainly be deported at the conclusion of the sentence that ought to be taken into consideration. . . . [I]t is my view that, particularly dealing with large drug cases, that is a sufficient aggravating factor that I do not think that a departure on that basis is appropriate. So just make the record clear on that.

5

3/21/01 Tr. 9. Taking into account the fact that Gutierrez was pleading guilty in a large drug case, and having reviewed the arguments made by trial counsel in his objections to the PSR and the sentencing memorandum, the court plainly rejected Gutierrez's request for a downward departure based on Gutierrez's willingness to consent to deportation and his inability to participate in certain prison programs. The outcome would not have been different had his counsel argued the issue during the March 21, 2001 hearing.

Gutierrez, in his second claim of ineffective assistance, argues that his trial counsel was ineffective in failing to file a notice of appeal. The government concedes that this blatant failure was deficient under *Strickland*. Gutierrez argues that he was prejudiced because his original counsel was "thoroughly familiar with the facts of [Gutierrez's] appeal. He was privileged to client-attorney conferences concerning those facts." 2255 Mot. at 8.

Neither side has pointed the court to a case where, as here, it is undisputed that trial counsel failed to file an appeal as instructed, but the defendant was nonetheless able to pursue an appeal with the help of appointed counsel. Normally, when a defendant instructs his counsel to file an appeal and the lawyer fails to do so, prejudice is presumed. *Castellanos v. United States*, 26 F.3d 717, 720 (7th Cir. 1994). *Castellanos* held that an attorney's failure to file an appeal results in *per se* constitutionally ineffective assistance of counsel, as it effectively amounts to attorney abandonment. 26 F.3d at 718. Further, the court stated that "a defendant is entitled on direct appeal to legal aid in demonstrating that the district judge committed an error, and he need not make a preliminary showing of 'prejudice' tantamount to presenting the appeal without legal assistance." *Id.* at 720. It makes sense to assume prejudice where a defendant instructed his lawyer to file an appeal, the attorney failed to do so, and no appeal was taken. In that case, forcing a defendant to show prejudice

would require him to present his appeal without legal assistance. Here, however, Gutierrez was permitted to file an appeal and pursued that appeal with the help of appointed counsel. Because Gutierrez was able to appeal, the court concludes that it would not be appropriate to apply *Castellanos* to the facts of this case.[1] While he may have been abandoned by his original counsel, Gutierrez was not abandoned by his appointed appellate counsel; that fact distinguishes this case from *Castellanos*. As a result, the court concludes that *Strickland* applies here and prejudice must be shown.

With no detail and in a conclusory fashion, Gutierrez alleges that his original counsel was privy to facts that his appellate counsel was not. Without understanding what these facts were, and what claims Gutierrez's original counsel might have brought that his appointed counsel did not, the court cannot find prejudice. Normally, the merits of an appeal are determined based on the record of proceedings in the district court, none of which involve confidential communications. Ultimately, in light of the fact that Gutierrez was allowed to proceed with his late appeal, and he was appointed counsel on appeal, he was not prejudiced by his original counsel's failure to file a notice of appeal.

**B.    *Booker***

Finally, Gutierrez argues that his Sixth Amendment right of jury trial was violated, relying on *United States v. Booker*, 543 U.S. 220 (2005). This argument has been foreclosed by the Seventh Circuit, which has held that *Booker* is not retroactive in criminal cases, such as Gutierrez's, which became final before the issuance of *Booker* on January 12, 2005. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).

---

[1] The court's refusal to presume prejudice in this case is further supported by the fact that the remedy outlined in *Castellanos* – allowing the petitioner to file a criminal appeal with the help of appointed counsel – has already happened here.

7

**IV.	Conclusion**

For all the foregoing reasons, petitioner Sergio Gutierrez's motion filed pursuant to 28 U.S.C. § 2255 is denied.

ENTER:

_____/s/_____
JOAN B. GOTTSCHALL
United States District Judge

DATED:   June 15, 2009